$150 fee p
rec # 2622-AA

JOHN CORBETT O'MEARA

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Thomas Carlson

FILE NO.:

Honorable

PALLADIUM BOOKS, INC.,
A MICHIGAN CORPORATION,
AND KEVIN SIEMBIEDA, AN INDIVIDUAL,
PLAINTIFF

vs.

JAMES THRUSH, AN INDIVIDUAL,
D/B/A THRUSHWAVE,
DEFENDANT

00CV73632DT

00 AUG 11  FILED

| SEELIGSON, JORDAN, DELOOF & HOPPER | SHARTSIS, FRIESE & GINSBURG |
|---|---|
| By: Lawrence R. Jordan (P27169) | By: Jeffrey A. O'Connell |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 301 E. Liberty, Suite 250 | One Maritime Plaza, 18th Floor |
| Ann Arbor, Michigan 48104 | San Francisco, CA 94111 |
| (734) 994-1295 | (415) 421-6500 |

## COMPLAINT AND JURY DEMAND

Plaintiffs, Palladium Books, Inc., and Kevin Siembieda through their attorneys Seeligson Jordan DeLoof and Hopper, for their complaint against James Thrush d/b/a Thrushwave, state as follows:

### Parties

1.  Plaintiff, Palladium Books, Inc. (Palladium) is a Michigan Corporation with its principal place of business at 12455 Universal, Taylor, Michigan.

2.  Plaintiff, Kevin Siembieda ("Siembieda") is an individual residing in

1

Dearborn, Michigan, who is President of and controls co-plaintiff Palladium Books.

3. Upon information and belief, Defendant James Thrush ("Thrush") is an Individual doing business as Thrushwave, who is doing business in Washington and Michigan, and has purposely availed himself to Michigan jurisdiction.

### Jurisdiction and Venue

4. Defendant's product is available over the worldwide web, to be downloaded by consumers, and it has been downloaded from Defendant's website by persons in this District.

5. Defendant has purposely availed himself of the benefits of doing business in this District.

6. Defendant can be found in this District.

7. This case involves Inter Alia, violation of federally registered trademarks. This Court has jurisdiction under 28 U.S.C. Sections 1331, 1332 and 1338, 15 U.S.C. Sections 1121 and 1125, and under its pendent jurisdiction.

8. Venue is proper under 28 U.S.C. Section 1391(a), (b) and (c), and 28 U.S.C. Sections 1400 (a) and (b).

### FACTS COMMON TO ALL ALLEGATIONS

9. Plaintiffs incorporate paragraphs 1 through 8 as though fully restated herein.

2

10. Plaintiff Siembieda is the registrant of two federally registered trademarks for the name "Rifts". Siembieda's registration number 1,699,796 includes goods such as books for role-playing games, comic books, and other publications "which depict the activities or adventures of fantasy characters..." See registration number 1,699,796. Siembieda's registration number 1,919,924 is for goods such as toy action figurines and accessories.

11. Said Registration number 1,699,769 has become "Incontestable" under 15 U.S.C. 1065.

12. Plaintiff Palladium Books, Inc., is the registrant of one federally registered trademark, registration number 2,045,806. Said Palladium registration is for goods such as computer game software and computer game programs containing role-playing games involving science-fiction or fantasy adventures, or involving character generation or scenario generation.

13. Palladium markets the Subject Works as its exclusive products and they are identified by consumers as originating from Palladium and Palladium's owner, Plaintiff Siembieda.

15. Palladium and its predecessors have been using the name "Rifts" in connection with games since at least August 9, 1990.

16. Palliadium is a leading producer and marketer of fantasy role-playing and games and products.

17. Defendant produces and distributes games under the name "The Rift" which are available for downloading on Defendant's web site ("Infringing Works").

3

18. Upon information and belief, Defendant intends to market and sell products using the name "The Rift", or a substantially similar name in connection with games, and has begun to market such products at game industry trade shows.

## Count I
## Trademark Infringement
## Registration Number 2,045,806

19. Plaintiffs incorporate paragraphs 1 through 18 as though fully restated herein.

20. Plaintiff Palladium Books, Inc., is the owner of a federally registered trademark, Registration Number 2,045,806, for the use of the name "Rifts" for computer game software and computer game programs containing role playing games involving science fiction or fantasy adventures or involving character generation or scenario generation, that was issued on March 18, 1997.

21. Without Plaintiff's consent, Defendant has used in commerce the name "The Rift" in connection with computer games.

22. Defendant's use in commerce of the name "The Rift" in connection with games is likely to cause confusion, to cause mistake and to deceive.

23. Defendant's use in commerce of the name "The Rift" in connection with computer fantasy games is done with knowledge that its imitation is intended to be used to cause confusion or to cause mistake or to deceive.

24. Defendant's conduct constitutes trademark infringement under 15 U.S.C. Sec. 1114.

4


conduct has deprived and will continue to deprive Plaintiffs of the benefit of selling the Subject Works and its other products, to deprive Plaintiffs of its market goodwill, and to injure Plaintiffs' relations with present and prospective customers.

26. Plaintiffs have suffered and will continue to suffer irreparable and substantial harm as a result of Defendant's conduct, and has no adequate remedy at law.

27. As a direct and foreseeable result of Defendant's conduct, Plaintiffs have suffered and will continue to suffer substantial damage to its present and future income as well as to the good will which it has built with the consumer public.

28. Plaintiffs seek all damages available under 15 U.S.C. Sec. 1114.

## Count II
## Trademark Infringement
## Registration Number 1,699,796

29. Plaintiffs incorporate paragraphs 1 through 28 as though fully restated herein.

30. Plaintiff Siembieda is the owner of a federally registered trademark, Registration Number 1,699,796, for the use of the name "Rifts" for books and printed material which include rules and data for playing role playing games, which was issued on July 7, 1992.

31. Without either Plaintiff's consent, Defendant has used in commerce the name "The Rift" in connection with computer fantasy games.

32. Defendant's use in commerce of the name "The Rift" in connection with games is done with knowledge of Siembieda's and Palladium's legitimate rights, and such use in commerce is intended to cause confusion or to cause mistake or to deceive.

33. Defendant's conduct constitutes trademark infringement under 15

U.S.C. Sec. 1114.

34. The natural, probable, and foreseeable result of Defendant's wrongful conduct has deprived and will continue to deprive Plaintiffs of the benefit of selling the Subject Works and its other products, to deprive Plaintiffs of their market goodwill, and to injure Plaintiff's relations with present and prospective customers.

35. Plaintiff has suffered and will continue to suffer irreparable and substantial harm as a result of Defendant's conduct, and has no adequate remedy at law.

36. As a direct and foreseeable result of Defendant's conduct, Plaintiffs have suffered and will continue to suffer substantial damage to its present and future income as well as to the good will which it has built with the consumer public.

37. Plaintiffs seek all damages available under 15 U.S.C. Sec. 1114.

### Count III
### Trademark Infringement
### Registration Number 1,919,924

38. Plaintiffs incorporate paragraphs 1 through 37 as though fully restated herein.

39. Plaintiff Siembieda is the owner of a federally registered trademark, Registration Number 1,919,924, for the use of the name "Rifts" for toy action figurines and accessories, which was issued September 19, 1995.

40. Without either Plaintiff's consent, Defendant has used in commerce the name "The Rift" in connection with computer fantasy games.

41. Defendant's use in commerce of the name "The Rift" in connection with

games is done with knowledge of Siembieda's and Palladium's legitimate rights, and such use in commerce is intended to cause confusion or to cause mistake or to deceive.

42. Defendant's conduct constitutes trademark infringement under 15 U.S.C. Sec. 1114.

43. The natural, probable, and foreseeable result of Defendant's wrongful conduct has deprived and will continue to deprive Plaintiffs of the benefit of selling the Subject Works and its other products, to deprive Plaintiffs of their market goodwill, and to injure Plaintiff's relations with present and prospective customers.

44. Plaintiffs have suffered and will continue to suffer irreparable and substantial harm as a result of Defendant's conduct, and has no adequate remedy at law.

45. As a direct and foreseeable result of Defendant's conduct, Plaintiffs have suffered and will continue to suffer substantial damage to its present and future income as well as to the good will which it has built with the consumer public.

46. Plaintiffs seek all damages available under 15 U.S.C. Sec. 1114.

### Count IV
### Unfair Competition

47. Plaintiffs incorporate paragraphs 1 through 46 as though fully restated herein.

48. By distributing and selling games under the name "The Rift", Defendant is attempting to pass its products off as if they are Plaintiffs' products in a manner calculated to deceive customers and users of Plaintiffs' Subject Works.

7

49. By distributing and selling games under the name "The Rift", Defendant is likely to cause confusion as to the origin of the Infringing Works in the minds of consumers. Such likely confusion includes, but is not limited to, confusion of Palladium customers who have visited Palladium's web site.

50. Defendant's conduct constitutes common law unfair competition.

51. Defendant's conduct constitutes false advertising and reverse passing off under Section 43(a) of the Lanham Act, 15 U.S.C. Sec. 1125(a).

52. The natural, probable, and foreseeable result of Defendant's wrongful conduct has deprived and will continue to deprive Plaintiffs of the benefit of selling the Subject Works and its other products, to deprive Plaintiffs of their market goodwill, and to injure Plaintiffs' relations with present and prospective customers.

53. Plaintiffs have suffered and will continue to suffer irreparable and substantial harm as a result of Defendant's conduct, and has no adequate remedy at law.

54. As a direct and foreseeable result of Defendant's conduct, Plaintiffs have suffered and will continue to suffer substantial damage to its present and future income as well as to the good will which it has built with the consumer public.

55. Plaintiffs seek all damages available under 15 U.S.C. Sec. 1125(a) and under the common law.

### Count V
### Violation of the Michigan Consumer Protection Act

56. Plaintiffs incorporate paragraphs 1 through 55 as though fully restated herein.

57. By using the name "The Rift" in connection with the distribution and sale of games, Defendant is attempting to pass its products off as if the Subject Works.

8

58. By using the name "The Rift" in connection with the distribution and sale of games, Defendant has caused confusion as to the origin of the Infringing Works in the minds of consumers.

59. Defendant's conduct constitutes false and deceptive advertising and trade practices under the Michigan Consumer Protection Act, MCL 445.901 *et seq.*

60. The natural, probable, and foreseeable result of Defendant's wrongful conduct has deprived and will continue to deprive Plaintiffs of the benefit of selling the Subject Works and their other products, to deprive Plaintiffs of their market goodwill, and to injure Plaintiffs' relations with present and prospective customers.

61. Plaintiffs have suffered and will continue to suffer irreparable and substantial harm as a result of Defendant's conduct, and has no adequate remedy at law.

62. As a direct and foreseeable result of Defendant's conduct, Plaintiffs have suffered and will continue to suffer substantial damage to its present and future income as well as to the good will which it has built with the consumer public.

63. Plaintiffs seek all damages and attorney fees available pursuant to M.C.L. 445.901 *et seq.*

### Count VI
### Injunctive Relief

64. Plaintiffs incorporate paragraphs 1 through 63 as though fully restated herein.

65. By its conduct as previously alleged in this Complaint, Defendant has engaged in infringement of Plaintiffs' trademarks and unfair competition and has violated the Michigan Consumer Protection Act to Plaintiffs' irreparable harm.

66. Unless enjoined by this Court, Defendant intends to continue its course of conduct and to wrongfully advertise, use, infringe upon, sell and otherwise profit from Plaintiffs' registered trademarks. As a direct and proximate result of the acts of Defendant, Plaintiffs have already suffered irreparable damage and has sustained loss of profits. Plaintiffs have no adequate remedy at law to address all injuries that Defendant has caused by its conduct. Plaintiffs will continue to suffer irreparable damage and sustain loss of profits until this Court enjoins Defendant's actions.

67. There is a substantial likelihood that Plaintiffs will succeed on the merits of this action.

THEREFORE, Plaintiffs asks the following:

A. That this Court enjoin and restrain Defendant, his agents, employees and all persons acting on their authority preliminarily and permanently from copying, exporting, selling or otherwise distributing the Infringing Works or any other confusingly similar product;

B. That Defendant be required, pursuant to 15 U.S.C. 1116 to deliver up to be impounded during the pendency of this action all infringing copies of Plaintiffs' Subject Works, as well as derivative copies;

C. That the Court issue such temporary restraining orders, preliminary injunctions and permanent injunctions as are necessary and appropriate;

D. That the court require Defendant to account to Plaintiffs for all profits Defendant has derived from the sale and distribution of its game entitled "The Rift" and any derivatives;

10

E. That Defendant be required to pay Plaintiffs all damages Plaintiffs sustains as a result of Defendant's false designation of origin of the Infringing Works pursuant to 15 U.S.C. Sec. 1125(a) and MCL 445.901 *et seq.*;

F. That Defendant be required to pay Plaintiffs' reasonable attorney fees, pursuant to 15 U.S.C. Sec. 1117 and MCL 445.901 *et seq.*; and

G. That this Court award Plaintiffs such other and further legal and equitable relief as the Court deems just.

Dated: August 11, 2000          SEELIGSON, JORDAN, DELOOF & HOPPER

By: _____

Lawrence R. Jordan (P27169)
Attorney for Plaintiff
301 E. Liberty, Suite #250
Ann Arbor, MI 48104
734-994-1295


## JURY DEMAND

Plaintiff, Palladium Books, Inc., and Plaintiff, Kevin Siembieda demand a Jury Trial on all appropriate issues.

Dated: August 11, 2000          SEELIGSON, JORDAN, DELOOF & HOPPER

By: _____

Lawrence R. Jordan (P27169)
Attorney for Plaintiff
301 E. Liberty, Suite #250
Ann Arbor, MI 48104
734-994-1295

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

# SEE CASE FILE FOR ADDITIONAL DOCUMENTS OR PAGES THAT WERE NOT SCANNED